IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW McKINNON, #B-89426,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-01219-SMY |
| ) | |
| **ST. CLAIR COUNTY JAIL,** ) | |
| **CAPTAIN TRICE,** ) | |
| **and MAJOR McLAUREN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Andrew McKinnon, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), claims that he was subjected to unconstitutional conditions of confinement at St. Clair County Jail ("Jail") for a period of seventeen months that began in December 2012. In connection with this claim, he now sues the Jail and two of its officials pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 5-6). Plaintiff seeks monetary damages. (*Id*. at 7).

The complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

According to the allegations in the complaint, Plaintiff was arrested and detained at St. Clair County Jail ("Jail"), which is located in St. Clair County, Illinois, on December 5, 2012.

(Doc. 1, p. 5). For five or six days, he was held in the Jail's "drunk tank," where he faced overcrowded conditions. Plaintiff alleges, rather vaguely, that inmates were "piled on top of one another." (*Id*.).

Around December 11, 2012, Plaintiff transferred to a cell block that was also overcrowded. Twenty-four inmates were housed in a cell block that was designed to hold twelve. For ten months, Plaintiff slept on the floor because he had no bed. This sleeping arrangement exacerbated the pain he suffered in his neck and back as a result of a prior car accident and surgery. He complained about this pain to the Jail's doctor,[1] who ignored Plaintiff's complaints and his requests for a mattress.

During the seventeen months that he was housed in the Jail, Plaintiff faced other allegedly deplorable conditions. In the winter months, cold air streamed into the cell block through a single glass block window causing Plaintiff to "freeze." (*Id*.). In the spring, water entered the cell through the same window and caused flooding in the back of the cell block. And in the summer, bugs and spiders entered the cell through the sewage drain. The smell of raw sewage emanated from the sink and air conditioning vents daily. The water also reeked of raw sewage. At times, the stench was so bad that Plaintiff could not "see or breathe." (*Id*.). In addition, the food portions were small and served through a dirty chuckhole. (*Id*. at 6). The showers were moldy. Plaintiff was not allowed to use the gym for exercise because it was used for housing. And his "teeth"[2] were lost and never recovered, at a cost to Plaintiff of $1,200.00.

---

[1] Plaintiff did not name the doctor as a defendant in this action or bring a claim against him. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

[2] The Court assumes that Plaintiff used the term "teeth" to refer to his "denture(s)."

Plaintiff complained about these conditions to the Jail's superintendent (Defendant McLauren) and captain (Defendant Trice), to no avail. He now sues the Jail, Major McLauren, and Captain Trice for monetary damages.

## Discussion

Plaintiff shall be allowed to proceed with a claim for unconstitutional conditions of confinement (**Count 1**) against Defendants McLauren and Trice. The Jail shall be dismissed as a defendant.

The applicable legal standard for Plaintiff's claim depends on his status as an arrestee, pretrial detainee, or prisoner. The Fourth Amendment's "objectively unreasonable" standard governs the claims of an arrestee. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 n. 14 (7th Cir. 2000)). The Due Process Clause of the Fourteenth Amendment governs the claims of a pretrial detainee, and the Eighth Amendment applies to claims of prisoners. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). Although a convicted prisoner is entitled to freedom from conditions that amount to "cruel and unusual punishment," a pretrial detainee is entitled to be free from conditions that constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

However, there is little practical difference between the standards that are applicable to pretrial detainees and convicted prisoners for claims involving the conditions of confinement. Claims brought under the Fourteenth Amendment are "appropriately analyzed under the Eighth Amendment. *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013)

("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners.")). Plaintiff's claim survives threshold review under the Fourth, Fourteenth, and Eighth Amendments. Because the Eighth Amendment (and by implication the Fourteenth Amendment) sets the highest standard, the Court will consider Plaintiff's claim in light of that standard.

In order to rise to the level of a constitutional deprivation under both the Fourteenth and Eighth Amendments, the alleged conditions must be objectively serious, and the prison official must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309. As for the second, subjective element, an inmate must "prove that the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Id.* at 309, n. 2 (citing *Davis v. Wessel*, 782 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley*, 135 S. Ct. at 2472)). In the case of high-ranking jail staff, personal involvement in a constitutional deprivation can be inferred where the complaint alleges "potentially systemic," as opposed to "clearly localized," constitutional violations. *Id.* (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996)).

Plaintiff challenges the following conditions of his confinement at the Jail: (1) overcrowding; (2) denial of a bed; (3) exposure to a cold and wet cell; (4) exposure to raw sewage; (5) exposure to contaminated drinking water; (6) exposure to mold; (7) lack of outdoor recreation; (8) inadequate nutrition; and (9) a loss of his "teeth." The Seventh Circuit has held that conditions of confinement may support a constitutional claim "in combination," even when each of the conditions would not do so alone, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue

blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). In the complaint, Plaintiff has identified numerous conditions that, taken together, support a claim. For example, overcrowding that deprived Plaintiff of a bed and forced him to sleep on a cold, wet floor are conditions that, when considered together, could offend constitutional norms. Likewise, the exposure to raw sewage, contaminated water, and contaminated food present obvious risks to Plaintiff's health. In fact, the only two conditions that do not support a claim under Count 1 are the denial of gym access and the loss of Plaintiff's "teeth."

While it is true that the denial of adequate exercise opportunities may violate constitutional standards, the complaint supports no such claim. *See Antonelli*, 81 F.3d at 1432 ("Lack of exercise may rise to a constitutional violation in extreme prolonged situations where movement is denied to the point that the inmate's health is threatened."); *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). There is a difference between the denial of access to the gym and an inability to exercise. *See, e.g., Dart*, 803 F.3d at 313. Although Plaintiff complains about the denial of gym access, he says nothing about the denial of other exercise opportunities or negative health consequences he suffered as a result. The complaint does not suggest that Plaintiff's movements were restricted, that he was unable to exercise in his cell block, or that he was denied use of the Jail's common areas. Without more, the denial of gym access gives rise to no conditions of confinement claim under Count 1.

In addition, Plaintiff's claim that he lost his "teeth" is so vague that the Court is unable to ascertain what, if any, impact this had on the conditions of his confinement, his medical needs, or otherwise. To begin with, it is unclear whether Plaintiff literally lost his teeth or misplaced his denture(s). Plaintiff also fails to draw any connection between this loss and any other conditions

of his confinement.  He does not allege, for example, that he was unable to eat because his dentures were lost.  Although detailed factual allegations are not required to state a claim, Plaintiff must at least include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint falls woefully short of this standard as it relates to the loss of Plaintiff's "teeth."

With the exception of Plaintiff's claim that he was denied gym access and lost his "teeth," Count 1 shall proceed against Defendants McLauren and Trice.  The complaint suggests that these defendants were aware of the conditions, but took no action to address the problems identified by Plaintiff.  *See also Antonelli*, 81 F.3d at 1428-29 (7th Cir. 1996).  Under the circumstances, their conduct may rise to the level of deliberate indifference.  Plaintiff shall be allowed to proceed with Count 1 against both defendants.

St. Clair County Jail shall be dismissed.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  A jail is not a "person" under § 1983.  *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).  It is not a legal entity in the first place and is therefore not amenable to suit.  But even if the proper legal entity was named instead, the case law under § 1983 imposes additional hurdles to actions against governmental agencies that Plaintiff has not cleared.  *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  Accordingly, the Jail shall be dismissed.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED, in part,** as it relates to Defendants McLauren and Trice, and **DENIED, in part,** with respect to St. Clair County Jail.

**Disposition**

**IT IS ORDERED** that Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED** with prejudice from this action.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **McLAUREN** and **TRICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ STACI M. YANDLE
United States District Judge
